IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FREDERICK ALONZO WALLER )
)
v. ) NO. 3:06-0844
)
MICHAEL EBY, et al. )

TO:    Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

Pursuant to the Order entered September 1, 2006 (Docket Entry No. 3), this action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 22) filed by Defendants Michael Eby and Joseph Helmintoller, to which Plaintiff has filed a Response in Opposition (Docket Entry No. 30).

Also before the Court are the Motion to Dismiss (Docket Entry No. 12) filed by Defendants John Hand and the United States of America and the second Motion to Dismiss (Docket Entry No. 33) filed by Defendants Eby and Helmintoller. Plaintiff has not filed a response to either of these two motions.

Set out below are the Court's recommendations for disposition of the motions.

## I. BACKGROUND

Plaintiff filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 on September 1, 2006. He was an inmate at the Davidson County Criminal Justice Center at the time the complaint was filed but he later filed a change of address notice (Docket Entry No. 15) on January 30, 2007, indicating that he was no longer incarcerated.

Plaintiff's complaint is based upon events which occurred on the night of June 21, 2002.[1] On that evening, Plaintiff was arrested on an outstanding warrant outside an apartment complex. The arresting officer was Michael Eby, a detective with the Nashville/Davidson County Metropolitan Police Department ("Metro"). Detective Eby inquired from Plaintiff "which apartment Plaintiff had come from" and was told "apartment #6." Detective Eby, accompanied by Metro police officer Joe Helmintoller, went to apartment #6 where they spoke with Riley Howard. Mr. Howard, who was the person to whom the apartment was being rented, informed them that Plaintiff was keeping some belongings in the apartment and gave the officers oral and written consent to search the apartment.

Eby and Helmintoller searched the apartment and discovered a zippered and closed luggage bag in a bedroom closet. Officer Helmintoller opened the bag and found two firearms. Detective Eby then asked Mr. Howard and two other persons in the apartment if the bag or weapons belonged to them but they denied ownership of the items.

---

[1] The rendition of events leading to Plaintiff's arrest set forth herein is based on the Plaintiff's narration of facts in the complaint and the narration of facts in United States v. Waller, 426 F.3d 838, 842-43 (6th Cir. 2005).

2

John Hand, an agent of the Bureau of Alcohol, Tobacco, and Firearms ("ATF")[2], was informed of Plaintiff's criminal activity and began an investigation of him. Plaintiff was subsequently charged in a criminal complaint and arrested by agents of the ATF on September 23, 2002, bound over to the Grand Jury on September 26, 2002, and, on October 9, 2002, was charged in a federal indictment with a single count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924. Prior to trial, Plaintiff unsuccessfully moved to suppress the firearms arguing that the search was unlawfully conducted and unreasonable under the Fourth Amendment. He was convicted by a jury on March 13, 2003, and was sentenced to a term of 264 months.

Upon appeal, Petitioner's conviction was overturned by the Sixth Circuit Court of Appeals. United States v. Waller, 426 F.3d 838 (6th Cir. 2005). The Court found that Plaintiff had a legitimate and reasonable expectation of privacy in the luggage bag and that Mr. Howard's consent to search the apartment did not give Eby and Helmintoller authority to search Plaintiff's closed luggage under the circumstances presented to them. Id. at 844-49. After the case was remanded to the trial court, the Government moved to dismiss the indictment and, by Order entered January 6, 2006, the indictment was dismissed with prejudice.

On September 1, 2006, Plaintiff filed the instant action seeking several million dollars in damages under 42 U.S.C. § 1983 against Michael Eby, Joseph Helmintoller, the United States of America, and John Hand.[3] Plaintiff claims that Defendants Eby and Helmintoller violated his Fourth

---

[2] The Court takes judicial notice that the ATF is now the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

[3] Plaintiff's complaint was actually received by the Clerk on August 25, 2006.

3

Amendment rights by the unlawful search and that Defendant Hand failed to acknowledge this violation during his investigation.

## II. MOTION TO DISMISS OF UNITED STATES OF AMERICA AND JOHN HAND (Docket Entry No. 12)

The federal defendants first assert that Plaintiff failed to perfect service of process on them. They further assert that the United States of America cannot be sued under Section 1983 or directly under the United States Constitution because it has sovereign immunity from such claims and that this immunity extends to any claim brought against Defendant Hand in his official capacity.

Defendant Hand contends that the allegations in the complaint fail to support a claim against him because he is a federal agent and, thus, is not a state actor subject to suit under Section 1983. Defendant Hand also argues that the complaint fails to state a claim even if it is construed as asserting a constitutional claim directly against him pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because he had no personal involvement in the search of Plaintiff's luggage or in bringing the criminal charges against Plaintiff and because Plaintiff's arrest was based upon probable cause at the time of his arrest, irrespective of the fact that the search was later found to be unlawful. Finally, Defendant Hand asserts that he is entitled to qualified immunity from any damage claims because his actions were objectively reasonable under the circumstances.

Plaintiff has not responded to this motion.[4]

---

[4] By Order entered January 24, 2007 (Docket Entry No. 14), Plaintiff was given 20 days to file a response to the motion.

### III. MOTION TO DISMISS AND SECOND MOTION TO DISMISS OF DEFENDANTS MICHAEL EBY AND JOSEPH HELMINTOLLER
**(Docket Entry Nos. 22 and 33)**

In their first motion to dismiss, Defendants Eby and Helmintoller argue that they are entitled to qualified immunity from Plaintiff's damage claims because their actions were not objectively unreasonable under the circumstances. Plaintiff responds by asserting that the Sixth Circuit has already found that Defendants Eby and Helmintoller acted illegally.

In their second motion to dismiss, Defendants Eby and Helmintoller contend that Plaintiff's claim is time-barred because it was brought well beyond one year from the date of the search of the luggage.

Plaintiff has not responded to the second motion to dismiss.[5]

### IV. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S.

---

[5] By Order entered June 6, 2007 (Docket Entry No. 35), Plaintiff was given 20 days to file a response to the motion. The Court further noted in the June 6, 2007, Order that, although Plaintiff responded to the first motion to dismiss filed by Defendants Eby and Helmintoller, he had not responded to the motion to dismiss filed by Defendants Hand and the United States of America.

5

41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

## V. ANALYSIS

A. Claim asserted by Plaintiff

In his complaint, Plaintiff does not specify what cause of action he is bringing. However, he clearly bases his complaint upon the assertion, as later determined by the Sixth Circuit Court of Appeals, that his Fourth Amendment right to be free from an unreasonable search of his property was violated. Thus, the Court construes the complaint as asserting a Fourth Amendment illegal search claim. To the extent that Plaintiff requests damages based upon several months of incarceration that resulted from his conviction, which was later overturned, such damages may be awarded as compensation for an illegal search claim of the type alleged by Plaintiff and his damage request does not change the nature of his claim. See Heck v. Humphrey, 512 U.S. 477, 487 n.7, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Defendants have suggested that the complaint could be construed to include possible claims for false arrest, wrongful imprisonment, and/or malicious prosecution. See Defendant Eby and Helmintoller's Memorandum in support of their Second Motion to Dismiss (Docket Entry No. 34) at 4 and Federal Defendants' Memorandum in Support of their Motion to Dismiss (Docket Entry No. 13) at 2.

6

The Court does not agree that such a broad construction is warranted given Plaintiff's factual allegations as written in the complaint. Plaintiff was arrested by Defendants Eby and Helmintoller on an outstanding state warrant and they had no involvement in arresting him on the federal charges for which he was ultimately convicted. With respect to Defendant Hand, as set out herein, Plaintiff's factual allegations fail to show that Hand had any personal involvement in either arresting him or initiating and pursuing criminal charges against him.

B. United States of America and John Hand

The motion to dismiss filed by the federal defendants should be granted because the complaint fails to state a claim upon which relief can be granted against the United States of America and John Hand. First, the complaint is brought only under 42 U.S.C. § 1983. However, the United States of America enjoys sovereign immunity from claims brought under 42 U.S.C. § 1983, see Nuclear Transport & Storage, Inc. v. United States, 890 F.2d 1348, 1352 (6th Cir. 1989), cert. denied, 494 U.S. 1079 (1990), and Defendant Hand is a federal agent who does not act under color of state law for the purposes of a Section 1983 claim. Thomas v. Shipka, 818 F.2d 496, 499-500 (6th Cir. 1987) ("§ 1983 does not provide a remedy for constitutional violations committed by federal officers acting under federal laws.")

Second, to the extent that the Court construes the complaint as asserting claims directly under the Fourth Amendment pursuant to Bivens, the complaint also fails to state a claim. The United States of America has sovereign immunity from such a claim.

With respect to Defendant Hand, the Court finds that the allegations contained in the complaint fail to state a constitutional claim against Hand. Defendant Hand had no personal

7

involvement in conducting the search of Plaintiff's luggage nor are there any facts showing that he was personally involved in initiating or pursuing the criminal charge brought against Plaintiff. The personal involvement of a defendant is a necessary component of any Bivens claim. See Gossmeyer v. McDonald, 128 F.3d 481, 495 (7th Cir. 1997).

Plaintiff sues Defendant Hand for "failing to acknowledge" the unlawful search. Such an allegation fails to support a claim that Hand violated the Fourth Amendment. First, the Court is unaware of any cause of action for "failure to acknowledge." The Court cannot supply factual allegations which are not included in the complaint in order to find a claim against Defendant Hand. Second, Defendant Hand did not act unlawfully merely because he investigated Plaintiff for possible federal charges and part of that investigation included reliance upon the results of the search conducted by Defendants Eby and Helmintoller. Finally, the fact that Plaintiff was indicted for the federal charge cures any claim that probable cause did not exist for his arrest." [I]t has been long settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002).

C. Michael Eby and Joseph Helmintoller

Defendants' second motion to dismiss raises the defense of the statute of limitations. Because resolution of this defense in favor of Defendants will extinguish Plaintiff's claim, the Court addresses it first.

For both a claim brought under Section 1983 and a Bivens claim, the applicable statute of limitations is the one year limitations period for personal injury actions in Tennessee as set out in

8

Tenn. Code Ann. § 28-3-104(a). See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986) (Section 1983 claim); McSurely v. Hutchison, 823 F.2d 1002, 1005 (6th Cir. 1987) (the applicable statute of limitations for a Section 1983 claim applies to a Bivens claim).

The question of when the statute of limitations begins to run is determined by federal law. See Wilson v. Garcia, 471 U.S. 261, 268-71, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The general rule for accrual of a claim is that the statute of limitations begins to run when Plaintiff knew or should have known of the injury which forms the basis of his claim. Kelly v. Burks, 415 F.3d 558, 561 (6th Cir. 2005); Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

The Court of Appeals for the Sixth Circuit has held that a Fourth Amendment claim based upon an illegal search followed by criminal proceedings accrues upon the dismissal of the criminal charges that flowed from the search. Shamaeizadeh v. Cunigan, 182 F.3d 391, 396-99 (6th Cir. 1999). See also Potts v. Trooper Hill, 17 Fed. Appx. 302, 2001 WL 966491 (6th Cir., Aug. 16, 2001).[6]

Whether Shamaeizadeh remains the law of the Sixth Circuit, however, is unclear. On February 21, 2007, the United States Supreme Court in Wallace v. Kato, _ U.S. _, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), held that the applicable statute of limitations for a claim of false arrest in violation of the Fourth Amendment begins to run at the time of the arrest or, at the latest, when detention without legal process ends, for example, when the claimant is bound over for trial by a

---

[6] Defendants Eby and Helmintoller rely upon Kelly v. Burks, 415 F.3d 558 (6th Cir. 2005), for their assertion that Plaintiff's Fourth Amendment cause of action accrued at the time of the search. See Docket Entry No. 34 at 3-4. However, the facts of Kelly involved a claim of a due process violation and Kelly fails to offer any insight into the particular facts of the instant case. Shamaeizadeh v. Cunigan, which specifically addresses a Fourth Amendment illegal search claim, is the pertinent decision of the Sixth Circuit on the issue of accrual of Plaintiff's Fourth Amendment claim.

9

judicial officer or is arraigned on charges. 127 S.Ct. at 1095-96. In its decision, the Supreme Court noted the distinction between a claim of false arrest and a claim of malicious prosecution, which the Supreme Court found had not been raised by the plaintiff, and did not address a Fourth Amendment claim for an illegal search of property.

In reaching its decision, the Supreme Court analyzed the implication of the rule of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), that claims which, if true, would establish the invalidity of an outstanding criminal conviction or sentence cannot be presented until the conviction or sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Wallace, 127 S.Ct. at 1097-99. The Supreme Court found that the Heck rule for deferred accrual is called into play only when a conviction or sentence has not been invalidated, which was not the case for the plaintiff in Wallace because his conviction had been overturned and the charges against him dismissed at the time he brought his false arrest claim. Id. at 1097-98.

Wallace was followed by the Sixth Circuit in Fox v. Desoto, 489 F.3d 227 (6th Cir. 2007), in which the Court found that a Fourth Amendment claim of arrest without probable cause accrues at the time of the arrest. 489 F.3d at 233. Of note, the Court in Fox stated that "Wallace . . . effectively abrogates the holding in Shamaeizadeh and clarifies that Heck has no application to the § 1983 claims in this case." Fox, 489 F.3d at 233-34. Despite its language regarding the continued viability of the holding in Shamaeizadeh, the Sixth Circuit in Fox did not directly overrule Shamaeizadeh and the claims in Fox did not include a Fourth Amendment illegal search claim.

At least two district courts within the Sixth Circuit, however, have relied upon Wallace to dismiss Fourth Amendment illegal search claims as untimely, finding that such claims accrued at

10

the time of the search. See Kucharski v. Leveille, 478 F. Supp.2d 928 (E.D. Mich. 2007); Pethel v. Washington County Sheriff's Office, 2007 WL 2359765, (S.D. Ohio, Aug. 16, 2007).

The apparent view of the Sixth Circuit and other District Courts within the Circuit is that Shamaeizadeh is no longer good law and that the rule in Wallace regarding the running of the statute of limitations extends to all claims other than those falling expressly within Heck and/or those claims which contain the favorable termination of criminal proceedings as an element of the claim. In light of these rulings, the Court finds that Plaintiff's Fourth Amendment illegal search claim accrued at the time of the search on June 21, 2002, and was thus untimely at the time the instant action was filed.[7]

Because the Court finds that Plaintiff's claim is barred by the statute of limitations, it is unnecessary to address Defendants' assertion of the defense of qualified immunity as raised in their first motion to dismiss.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that:

1) the Motion to Dismiss (Docket Entry No. 12) filed by Defendants John Hand and the United States of America be GRANTED;

2) the second Motion to Dismiss (Docket Entry No. 33) filed by Defendants Michael Eby and Joseph Helmintoller be GRANTED;

---

[7] The decision in Wallace likewise would render untimely filed any claims of false arrest that could be construed as contained in the complaint.

11

3) the first Motion to Dismiss (Docket Entry No. 22) filed by Defendants Michael Eby and Joseph Helmintoller be DENIED as MOOT; and

4) this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge